IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STEVEN E. HAWKINS,                    )
                                      )
            Plaintiff,                )     Civil Action No. 07-5
                                      )
      v.                              )     Judge Flowers Conti
                                      )     Magistrate Judge Caiazza
THE WAYNESBURG COLLEGE,               )
                                      )
            Defendant.                )


**OPINION AND ORDER**

**I.   OPINION**

The Defendant's Motion to strike portions of the Plaintiff expert's opinion (Doc. 15) will be denied, but its alternative request to file a third-party complaint (*see id.*) will be granted to the extent described below.[1]

The Plaintiff Steven E. Hawkins has filed this diversity action against the Waynesburg College ("Waynesburg" or "the School"), alleging negligence.  *See generally* Am. Compl. (Doc. 7).  Mr. Hawkins was a student at Waynesburg, and in

---

[1]  The undersigned may rule on both aspects of the Defendant's Motion as non-dispositive issues.  <u>Reedy v. CSX Transp., Inc.</u>, 2007 WL 1469047, *1 n.1 (W.D. Pa. May 18, 2007) (motion to strike expert opinion is non-dispositive matter, provided unfavorable ruling is not determinative of Plaintiff's underlying claims) (citations omitted); <u>Columbus McKinnon Corp. v. China Semiconductor Co., Ltd.</u>, 867 F. Supp. 1173, 1175 n.2 (W.D.N.Y. 1994) (noting magistrate judge's capacity to grant leave to file third-party complaint as non-dispositive ruling); *see also* <u>Rubin v. Valicenti Advisory Servs., Inc.</u>, 471 F. Supp.2d 329, 333 (W.D.N.Y. 2007) (following "the weight of authority . . . classif[ying] a motion to amend [pleadings] as a non-dispositive pre-trial motion," and reviewing magistrate judge's grant of motion for leave to amend answer to third-party complaint under clearly erroneous standard).

February 2005 he participated in the construction of stage sets and props in preparation for his Introduction to Theatre class. The Plaintiff was injured when his shirt sleeve was pulled into a compound meter saw provided by the School ("the Saw"), damaging his left upper appendage to the extent that amputation and partial reattachment was required.  *See generally id.* at ¶¶ 6-9. Mr. Hawkins alleges negligence based on, among other things, the School's failure to train and supervise him in using the Saw and to provide adequate warnings regarding the potential dangers of misuse.  *See generally id.* at ¶ 10.

One of the Plaintiff's experts has issued a report opining that the warning label placed on the Saw by its manufacturer was ineffective:

> The black label was affixed to the dark gray surface of the [S]aw arm and was located on the back surface [thereof], facing away from the operator. . . .  Even though the need to warn of danger was recognized by the manufacturer, the warning label was posted on the [S]aw with little contrast between [it] and the [S]aw arm and in a location where it was unlikely to be seen . . . .   For the label to be effective, it should have been posted on the [S]aw using a color and location . . . mak[ing] it readily visible to the user.

*See* Expert Rpt. of Richard A. Bragg, Ph.D., P.E. (attached as Ex. A to Doc. 15) at 6-7.

Defense counsel claims this opinion constitutes a "backdoor attempt" to allege strict liability against Waynesburg, an entity that neither manufactured nor distributed the allegedly defective product.  *See* Def.'s Mot. at ¶ 3.

In response, Plaintiff's counsel makes clear that Mr. Hawkins neither has, nor does he intend to, assert strict liability based on the failure to adequately warn.  *See* Pl.'s Opp'n Br. (Doc. 16) at 6.  Rather, counsel argues the expert opinion is necessary for two of his client's negligence-related theories:  (1) that the Defendant is liable under the Restatement (Second) of Torts Section 392, regarding the negligent supply of chattel for a business purpose;[2] and (2) the Plaintiff was not guilty of comparative negligence and/or assumption of the risk by failing to observe the warning label.  *See* Pl.'s Opp'n Br. at 6-8; *see also id.* at 7 (noting Plaintiff was questioned during deposition about his purported failure to heed warning label).

As for the Section 392 claim, neither the Plaintiff's briefing nor the court's independent research has uncovered

---

[2]  Plaintiff's counsel correctly states that Pennsylvania courts have adopted Section 392.  *See* <u>Drum v. Shaull Equip. & Supply Co.</u>, 760 A.2d 5, 15 (Pa. Super. 2000) (citations omitted).  More generally, the Plaintiff's presumption that Pennsylvania law controls has not been refuted by the Defendant, so the court need not conduct a choice-of-law analysis.  *See generally* Def.'s Mot. (failing to identify controlling state law); <u>ECHO, Inc. v. Whitson Co., Inc.</u>, 52 F.3d 702, 707 (7th Cir. 1995) ("[w]here neither party argues that the forum state's choice of law rules require the court to apply the substantive law of another state, the court should apply the forum['s] substantive law") (citation omitted).

-3-

case law holding that the duty to protect persons from unsafe chattel extends to remediating allegedly insufficient warnings placed on inherently dangerous products by their manufacturers. If anything, the law would appear to view such a claim with skepticism. *See, e.g.*, Muscat v. Khalil, 388 N.W.2d 267, 271, 273 (Mich. App. 1986) (rejecting claim under Section 392 and related argument that purchaser of ladder "from some entity in the chain of distribution . . . should be held responsible for the manufacturer's failure to [provide] warning labels"; "[t]here [wa]s no reason to assume that [the] defendants should have been any more aware of the absence of instructions on the ladder than plaintiff" and, "even if they were consciously aware of the lack of instructions," "as mere purchasers" they were not charged with knowledge "that the absence of such instructions constituted a defect"); Ziglar v. E. I. Du Pont De Nemours & Co., 280 S.E.2d 510, 513-14 (N.C. App. 1981) (rejecting claim under analogous Section 388 because plaintiff did not present evidence showing defendant "knew or should have known that the manufacturer's written warnings on the product's label were inadequate to warn others").[3]

---

[3]  The case cited by Plaintiff's counsel, Soley v. Nelson, 12 Pa. D. & C.2d 90 (Pa. Comm. Pl. 1958), held not that the defendant-school owed a duty to remediate insufficient warning labels supplied by the manufacturer; rather, it found liability based on the school's failure to affix a safety guard on the injuring saw. *Id.* at 96-97. No similar theory is advanced here.

-4-

Nevertheless, the Defendant has failed to demonstrate the non-viability of the Plaintiff's Section 392 theory as a matter of law and, therefore, its Motion to strike is unavailing.[4]

Even stronger grounds for allowing the expert opinion is found in the Plaintiff's efforts to refute the School's defenses of comparative negligence and assumption of the risk. Counsel represents that the Defendant raised the warning label issue during Mr. Hawkins' deposition, and the Plaintiff has every right to refute the defenses by demonstrating the label reasonably went unobserved. *See* discussion *supra*; *see also, e.g.*, <u>Moschkau v. Sears, Roebuck & Co.</u>, 282 F.2d 878, 879-81 (7th Cir. 1960) (affirming entry of judgment notwithstanding verdict in favor of defendant because plaintiff heeded part, but not all, of manufacturer's warning label, making him sole cause of accident).

For all of these reasons, the Defendant's request to strike those portions of the Plaintiff expert's opinion regarding the warning labels is without merit. The same cannot be said of its request for leave to join the manufacturer(s)/distributor(s) of the Saw.

---

[4]  The court notes that, although the Amended Complaint does not make reference to Section 392 or the elements thereof, there are sufficient allegations to invoke the theory. *See id.* at ¶¶ 10(j), (r) & (s); *see also* <u>Powell v. Fujimoto</u>, 2004 WL 3088689, *3 (7th Cir. 2004) ("[u]nder federal notice pleading, a complaint need not identify legal theories in order to state a claim, and certainly needn't spell out each technical element of a legal theory it does identify") (citing published precedent). For the purposes of further clarification, the Plaintiff disavows any claim that Waynesburg obscured or otherwise modified the warning label. *See* Pl.'s Opp'n Br. at 8 n.13.

Plaintiff's counsel argues that joinder of the putative third-party defendants would be improper under Federal Rule 14 because their liability, if established, would not flow from Wayneburg's potential liability. *See* Pl.'s Opp'n Br. at 2, 9 (highlighting rule that third party may not be joined based on claim it is solely liable for plaintiff's injuries; "third party liability is typically predicated upon a theory of contribution or indemnity") (citation and internal quotations omitted). The law of Pennsylvania is clear, however, that "defendants who are liable under principles of strict liability and those who are liable in negligence may be joint tortfeasors." Harsh v. Petroll, 887 A.2d 209, 213 (Pa. 2005) (citations omitted); *accord* Rabatin v. Columbus Lines, Inc., 790 F.2d 22, 25 (3d Cir. 1986) (predicting Pennsylvania law and holding same); Childers v. Power Line Equip. Rentals, Inc., 681 A.2d 201, 213 (Pa. Super. 1996) (holding same) (citations omitted).  It is neither uncommon nor inappropriate for potential joint-tortfeasors to be brought into suit by way of a third-party complaint. Childers, 681 A.2d at 213 ("[t]he right of contribution" against potential joint-tortfeasors "may be asserted during the original proceeding via joinder of third-party defendants"); *see also* Rabatin, 790 F.2d at 25 (citing with approval previous Third Circuit decision where manufacturer joined employer as third-party defendant, seeking contribution).

-6-

Under the circumstances, nothing in the Federal Rules prohibits Waynesburg from bringing claims against the manufacturer(s)/ distributor(s) for contribution based on their alleged strict liability.  The Defendant's proposed third-party complaint states claims for contribution, and to that extent joinder is appropriate under Rule 14.  *See* Ex. D to Doc. 15 at wherefore clauses.[5]

Plaintiff's counsel is left to argue, then, that the court should exercise its discretion and deny leave to file the proposed third-party complaint as untimely.  *See* Pl.'s Opp'n Br. at 9-11.  In this regard, courts have considered:  (1) possible prejudice to the plaintiff; (2) complication of issues at trial; (3) probability of trial delay; and (4) timeliness of the motion to implead.  <u>Potts v. Marks Controls Corp.</u>, 1995 WL 57523, *2 (E.D. Pa. Feb. 9, 1995) (citations omitted).  Superimposed upon these factors are the overarching principles that "Rule 14 is [intended] to reduce multiplicity of litigation," and it therefore is entitled to liberal construction.  <u>O'Mara Enter., Inc. v. Mellon Bank, N.A.</u>, 101 F.R.D. 668, 670 (W.D. Pa. 1983); *see also id.* (in light of Rule 14's purpose, "the third-party

---

[5]  The court also notes that the Defendant's proposed third-party complaint does not threaten the court's exercise of diversity jurisdiction.  *Compare id.* at ¶¶ 2-6 (alleging that putative third-party defendants are citizens of Missouri and Illinois) *with* Am. Compl. at ¶¶ 3-4 (Plaintiff is citizen of West Virginia, and Defendant is citizen of Pennsylvania).

complaint should be permitted . . . if under some construction of the facts, [recovery] would be a possibility," and joinder "should be permitted when common factual issues are involved") (citations omitted).

Although the Defendant's request presents a close case, the court cannot agree that denying leave to bring in third-party defendants is justified under the circumstances here.  As seen above, the warning label issue was most directly put into play by the Plaintiff's expert opinion that the manufacturer's warning was insufficient.  While counsel may respond that the insufficiency opinion was occasioned by the Defendant's comparative negligence and assumption of the risk defenses, the Plaintiff also proceeds on the theory that Waynesburg owed a duty to remediate the manufacturer's allegedly ineffective warning. *See* discussions *supra*.  Having directly interjected the warning label issue into this case, the Plaintiff's more recent protestations to the joinder of the Saw's manufacturer(s)/ distributor(s) ring hollow.  *See generally, e.g.*, Shuba v. Consolidated Rail Corp., 1992 WL 164751, *1 (E.D. Pa. Jun. 26, 1992) (allowing untimely joinder because "[o]nly after an investigation of the circumstances surrounding the accident did" defendant learn that third party "may bear responsibility for plaintiff's injuries"); *cf. also* Con-Tech Sales Defined Ben. Trust v. Cockerham, 715 F. Supp. 701, 704 (E.D. Pa. 1989)

(considering "interests of justice" in refusing to dismiss third-party complaint as untimely).[6]

As for prejudice, the Plaintiff argues that bringing in third-party defendants will require additional discovery and increase litigation costs. *See* Pl.'s Opp'n Br. at 9-10. While this may be true, the concern will be mitigated by the court's restriction of the third-party claims to ones for contribution based on breach of the duty to warn. *See* discussion *infra*.  To the extent additional discovery is warranted, the parties already have made efforts to establish the likely defenses of the third parties, namely the alleged negligence of Waynesburg and the Plaintiff's negligence/assumption of the risk. Regarding the sufficiency of the Saw's warnings, the label is known and available to the parties, as they will be to the third-party defendants.  In granting discovery to the third-party defendants, the court will remain mindful of these considerations.  *See* Deloach v. Companhia Denavegacao, 1986 WL 2386, *1 (E.D. Pa. Feb. 12, 1986) (in granting additional discovery, court "[took] notice that the third party defendant

---

[6]  Indeed, the Plaintiff's theory that Waynesburg is liable for the manufacturer's insufficient warning label begs a claim of contribution.  If Waynesburg somehow is liable for not remedying the ineffective label, by all means it should be permitted to pursue a derivative claim against the provider thereof.  And while counsel may argue that the Defendant could have sooner understood the Plaintiff's warning allegations as sounding in the negligent provision of chattel, to be fair the Plaintiff's pleadings were less than a model of clarity.

will be able to reap the benefits of the already extensive
discovery efforts by the [original] parties").[7]

The Plaintiff next asserts that bringing in third parties
will complicate the issues at trial. *See* Pl.'s Opp'n Br. at 10
(complaining that joinder will "inject[] issues of strict
liability" into case).  Given the Plaintiff's claim that
Waynesburg owed a duty to correct or supplement the
manufacturer's warnings, however, the duty to warn already has
been made part of his case. *See* discussion *supra*.  Under no
circumstances should the Defendant be deprived of its right to
point the finger at the manufacturer(s), who anticipated the need
for warnings but allegedly failed to effectively provide them.

Turning to trial delay, the parties currently are in the
process of taking fact discovery.  Although there may be reason
to believe this case will take longer to try if third-party
joinder is permitted, the court does not find the anticipated
delay to be undue or substantial. *See, e.g.*, <u>Thomas v. Stone</u>

---

[7] At the risk of seeming paternalistic, the court also suggests that
any additional discovery costs incurred by the Plaintiff will be well
spent given his interest in having other entities subject to potential
liability. *See* Fed. R. Civ. P. 14 (as revised by U.S. Order 07-30,
effective December 30, 2007) (current and anticipated versions of Rule
allow plaintiff to file claims against third-party defendant "arising
out of the transaction or occurrence that is the subject matter of the
plaintiff's claim against the [original defendant]").  Indeed, if the
jury were to find the third-party defendants solely liable based on
their failure to adequately warn (an argument Waynesburg would surely
make at trial), the failure join them would leave the Plaintiff
without recovery.  If only for the purposes of settlement
negotiations, moreover, it would appear in Mr. Hawkins' best interests
to have the manufacturer(s)/ distributor(s) at the table.

-10-

Container Corp., 1990 WL 63738, *2 (E.D. Pa. May 9, 1990) (leave granted where discovery was still pending and joinder would not greatly alter factual circumstances of case; "adequate time remain[ed for the] parties to conduct any additional discovery").

Last is the untimeliness of Waynesburg's impleader request. To be sure, there appear good bases for concluding that the Defendant should have known of its right to seek contribution prior to the Plaintiff's serving the expert report in May 2007. *See* Am. Compl., filed in February 2007, alleging Defendant was liable for failing to "provide adequate warnings[ or] caution stickers"; *see also* Pl.'s Opp'n Br. at 7 (during Plaintiff's deposition, Defense counsel inquired regarding Mr. Hawkins' failure to observe warning label). Assuming the "lightbulb only went on" when the Defendant received the Plaintiff expert's report (an assumption there is no reason to doubt on the current record), the court believes that excluding the third-party claims is a punishment disproportionate to the perceived omission.

For all of the reasons stated above, the circumstances in this case compel a grant of the Defendant's request to file a third-party complaint. Certain limitations are appropriate, however.

The proposed third-party complaint includes not only claims for contribution but allegations that the manufacturer(s)/distributor(s) are the "sole" proximate cause of the Plaintiff's

injuries.  *See, e.g., id.* at ¶ 18.  While Waynesburg may pursue
this theory as a defense at trial, it does not form a basis for
third-party liability.  <u>FHF Partners v. KMA Fin. Group, LLC</u>, 2007
WL 710287, *2 (E.D. Pa. Mar. 5, 2007) ("[a] third party defendant
cannot be joined simply because that party may be solely liable
to the plaintiff") (citation and internal quotations omitted).

More significantly, Waynesburg's proposed third-party
complaint also states claims based on the manufacturer(s)'/
distributor(s)' negligence, breach of warranty, and possibly
under the "design defect" and/or "manufacturing defect" theories
of strict liability.  *See generally id.*[8]  These additional
claims, which are independent of and not occasioned by the
Plaintiff's expert opinion and his negligence claims,
tip the balance in favor of denying leave to the extent described
herein.

Simply put, this case to date has proceeded as a negligence
action possibly invoking elements related to allegedly
insufficient manufacturer warnings.  Allowing Waynesburg to
proceed with the whole panoply of products liability claims
against the putative third-party defendants would swing the
prejudice, complication, delay, and timeliness factors against

---

[8]  The Defendant appears to limit its strict liability claim to the
"failure to warn" theory.  *See id.* at ¶¶ 21(a)-(e).  Given the broad
language used in portions of the strict liability count, however, the
court hereby makes clear that only the failure to warn theory may
proceed.

the Defendant and in favor of the Plaintiff.  The court will not permit the Defendant's proposed claims to change the entire complexion of this case, and the actual third-party complaint shall be limited accordingly.

The court therefore enters the following:

## II.  ORDER

The Defendant's Motion to strike the Plaintiff expert's opinion (**Doc. 15**) is **DENIED**, its request to file a third-party complaint is **GRANTED** to the extent described above, and the Defendant shall file and serve its third-party complaint on or before August 9, 2007.  The third-party defendants shall plead or otherwise respond consistent with the Federal Rules, and their counsel shall attend the conference in this case scheduled for September 5, 2007 at 10:30 a.m.

THESE THINGS ARE SO ORDERED.

July 20, 2007

Francis X. Caiazza
U.S. Magistrate Judge

cc (via email):

Cindy Stine, Esq.
Howard M. Louik, Esq.
Dennis R. Very, Esq.
Pamela V. Collis, Esq.
Paul J. Walsh, III, Esq.
Thomas J. Madigan, Esq.

-13-