IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN E. HAWKINS, | ) |
| Plaintiff, | ) |
| v. | ) |
| THE WAYNESBURG COLLEGE, | ) Civil Action No. 07-5 |
| Defendant/Third-Party Plaintiff, | ) Judge Flowers Conti <br> ) Magistrate Judge Caiazza |
| v. | ) |
| EMERSON ELECTRIC COMPANY, *et al.*, | ) |
| Third-Party Defendants. | ) |

**ORDER**

The Plaintiff's request for reconsideration of the court's decision to allow the joinder of third parties (*see* Doc. 43 at 6) will be denied, as will his request for severance of the Defendant/Third-Party Plaintiff's claims for contribution and/or indemnity.[1]

In allowing the Defendant ("Waynesburg") to join the Third-Party Defendants ("the Manufacturers"), the court noted that

---

[1] The undersigned may rule on both requests as non-dispositive issues. *See* Opinion & Order dated Jul. 20, 2007 (Doc. 17) at 1 n.1 (magistrate judge may grant leave to file third-party complaint as non-dispositive ruling) (citations omitted); U.S. v. Schneider, 2007 WL 2407060, *1 (E.D. Wis. Aug. 20, 2007) ("[a] magistrate judge has authority to decide nondispositive motions such as motions to sever"); *see also* Celento v. Mon River Towing, Inc., 2007 WL 120027, *1 n.1 (W.D. Pa. Jan. 10, 2007) (same for motion to bifurcate) (citation omitted).

"[i]t is neither uncommon nor inappropriate for potential joint-tortfeasors to be brought into suit by way of a third-party complaint." *See* Jul. 20th Opinion at 6. The undersigned also held that the claims against the Manufacturers were "most directly put into play by the Plaintiff's expert opinion that [their] warning [label] was insufficient." *Id.* at 8; *see also id.* ("[h]aving directly interjected the warning label issue into this case, the Plaintiff's more recent protestations to the joinder . . . ring hollow"). Over the Plaintiff's objection, the court concluded that Waynesburg had a right to protect its interests by bringing claims for contribution/indemnity. *See id.; see also id.* at 9 n.6 ("the Plaintiff's theory that Waynesburg is liable for the [M]anufacturer[s'] insufficient warning label begs a claim of contribution"; "[i]f Waynesburg somehow is liable for not remedying the ineffective label, <u>by all means it should be permitted to pursue a derivative claim against the provider thereof</u>") (emphasis added).

Reading more into the Opinion, Plaintiff's counsel states:

> In permitting joinder, the Court obviously felt that the [P]laintiff would not be prejudiced because [he] could assert direct claims against the [M]anufacturer[s] . . . . Were it to grant [the Third-Party Defendants' pending M]otion[] to [D]ismiss [such claims], the [P]laintiff will have no direct recourse against those parties.

*See* Pl.'s Br. (Doc. 43) at 5-6. For this reason, and seeking to

invoke the law of the case doctrine, the Plaintiff asks that the court reconsider its decision allowing joinder. *Id.* at 6 (citations omitted).

The law of the case doctrine does not apply, however, because the court had no reason to know that the Plaintiff's direct claims against the Manufacturers were, or may have been, time barred. *See generally* Report & Recommendation (Doc. 54) filed today (concluding same). And though the undersigned did highlight in a footnote that joinder may benefit the Plaintiff by allowing his assertion of such claims, *see* Jul. 20th Opinion at 10 n.7, this by no means formed the basis for the court's decision. *See* discussion *supra* (Waynesburg "should be permitted to pursue" claims for contribution/indemnity given Plaintiff's theory of case).

The third-party claims were allowed, over the Plaintiff's objection, to protect the legal interests of the moving party, Waynesburg. That the Plaintiff's direct claims against the Manufacturers are time-barred provides no justification for reconsidering the court's ruling.

Next is the Plaintiff's request that Waynesburg's claims for contribution/indemnity be severed from the underlying action. In determining whether to grant a severance, the court considers the convenience of the parties, avoidance of prejudice, and the promotion of expeditious resolution of the litigation.

*See generally* <u>Frederick & Emily's, Inc. v. Westfield Group</u>, 2004 WL 1925007, *1 (E.D. Pa. Aug. 27, 2004) (citations and internal quotations omitted).

None of these factors favors the Plaintiff's request. Even were the court to sever Waynesburg's third-party claims, the sufficiency of the Saw's warning label undoubtedly would arise in the Plaintiff's underlying suit. The Plaintiff himself has interjected the matter into his primary case, and the warning issue has become inextricably intertwined therewith.

The parties' varying forms of potential liability must be reconciled at some point, and neither convenience nor judicial economy would be served by pursuing separate adjudications. Finally, any claims of prejudice by the Plaintiff are unpersuasive given his decision to introduce the warning issue into the underlying case.

For all of these reasons, the Plaintiff's requests are DENIED.

IT IS SO ORDERED.

November 30, 2007

*signature*
Francis X. Caiazza
U.S. Magistrate Judge

cc (via email):

Cindy Stine, Esq.
Howard M. Louik, Esq.
Dennis R. Very, Esq.
Pamela V. Collis, Esq.
Paul J. Walsh, III, Esq.
Thomas J. Madigan, Esq.
John Edward Wall, Esq.
Anthony J. Rash, Esq.