# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN E. HAWKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE WAYNESBURG COLLEGE, | ) | Civil Action No. 07-5 |
| | ) | |
| Defendant/Third-Party | ) | Judge Flowers Conti |
| Plaintiff, | ) | Magistrate Judge Caiazza |
| | ) | |
| v. | ) | |
| | ) | |
| EMERSON ELECTRIC COMPANY, | ) | |
| *et al.*, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

## MEMORANDUM ORDER

On January 25, 2007, this case was referred to United States Magistrate Judge Francis X. Caiazza for pretrial proceedings in accordance with the Magistrates Judges Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

On June 17, 2008, the magistrate judge issued a Report and Recommendation ("R&R")(Doc. No. 85) recommending that the Third-Party Defendants' Motion for Summary Judgment (Doc. No. 62) be granted, the Motion for Summary Judgment (Doc. No. 70) filed by defendant the Waynesburg College (the "College") be granted in part and denied in part, and the Motion for Summary Judgment (Doc. No. 68) filed by plaintiff Steven E. Hawkins ("Plaintiff") be denied. Service of the R&R was made on the parties, the College filed objections on July 2, 2008 and on July 8, 2008 plaintiff filed a response to the objections. *See* Doc. Nos. 86-87.

The College in its objections reargues two issues which were addressed and rejected in the R&R. First the College reasserts that it had no duty to plaintiff because it was not <u>in loco parentis</u> to plaintiff. The College, however, missed the crux of the conclusion of the magistrate judge. The R&R concluded that the duty analysis turns on ordinary negligence principles and not on whether the College stands <u>in loco parentis</u> to plaintiff. (R&R at 12.) There are genuine issues of material fact relating to whether plaintiff was akin to a business invitee and whether there was a duty not to cause physical injury by negligent conduct under the circumstances present in the case. <u>Id.</u>

Second, the College argues that plaintiff assumed the risk. As the magistrate judge correctly concluded even assuming assumption of the risk was to be considered, this is not a case where the court can conclude "beyond question" that plaintiff assumed the risk. (R&R at 14-15.)

After a *de novo* review of the pleadings and documents in the case, together with the R&R, the objections of the College and plaintiff's response thereto, the following Order is entered:

AND NOW, on this 30th day of July, 2008, IT IS HEREBY ORDERED that: the Third-Party Defendants' Motion for Summary Judgment (**Doc. No. 62**) is **GRANTED**, and those entities are terminated as parties to this lawsuit; the College's Motion for Summary Judgment (**Doc. No. 70**) is **GRANTED** regarding the plaintiff's warning label-based claims, but otherwise **DENIED**; and the plaintiff's Motion for Summary Judgment (**Doc. No. 68**) is **DENIED**.

The Report and Recommendation of Magistrate Judge Caiazza dated June 17, 2008 is hereby adopted as the opinion of the district court.

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

cc (via email):

Cindy Stine, Esq.
Howard M. Louik, Esq.
Pamela V. Collis, Esq.
Paul J. Walsh, III, Esq.
John Edward Wall, Esq.
Anthony J. Rash, Esq.